OPINION OP the COURT — BY the
Hon, EDWARD TURNER.
This is an action of ejectment tried at the November Term 1825 of Adams Circuit Court, wherein a verdict was given for the plaintiff! The defendant moved for a new trial for the following reasons, to wit:
1st. Because the verdict was contrary to law and evidence.
2d. Because fhe presiding judge refused, or declined to instruct the jury, as prayed for by the defendant’s counsel, and fhe court doubting as to the law or rule of decision, respited its judgment, and referred fhe same to this court for decision.
'Questions of great difficulty and importance arise, and ave strongly pressed upon the court by the counsel, especially, the coustitutionality of the act of the territorial legislature, authorising the executors of Hannah Curtis to sell the real estate of the deceased. This court should approach the latter subject with diffidence, and will never undertake to decide on the constitutionality of an act of a co-ordinate branch of our government, unless imperiously required by the duty we owe to parties litigant before us. We know that many'similar acts have been passed by our legislature; and the opinion asked of us by fhe defendant’s counsel, would, if given in their favor, produce great cou'fusion and uncertainty in this state.— But when a proper case for trying this question, shall come before us, we will endeavor, in the language of Sir Edward Coke, to do our'duty. We do not consider that this is such a case. It does not appear that the defendant has any interest in that important question, but it is obvious that the devisees of Hannah Curtis may have that interest. We therefore recommend to the plaintiff to amend his declaration, by laying a new demise in the napie of the devisees, or heirs at law, or both, of Hannah Curtis de *259 ceased; that it be ascertained, on another trial, whether those devisees were infants or adults, at the time of the passage of the act in question, or at the time of the sale by the executors; whether they took by descent or purchases, should the estate devised be the same as they would have inherited ; that it be ascertained on what grounds the legislature passed that act, by reference to the petition and other evidence; whether the executors complied with the conditions of the act in making the sale; and whether the devisees have acquiesced in said sale, expressly or implied, so as to bring the constitutional question directly, and not incidentally before this court, if found necessary.
Being satisfied that there has not been a full and fair trial on the mer its, it is ordered that a new trial be granted, with costs, to abide the event of the suit.
Judges Child and Black concur.